## In re GILL'S ESTATE.

(Surrogate's Court, New York County. November 30, 1915.)

1. INFANTS ☞77—SPECIAL GUARDIAN—REPORT—FINDINGS—EXCEPTIONS.

There is no provision in the sections of the Code of Civil Procedure relating to Surrogate's Courts, or in the rules of the Surrogate's Court, authorizing the filing of exceptions to the report of a special guardian.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 192–194, 231; Dec. Dig. ☞77.]

2. INFANTS ☞77—SPECIAL GUARDIAN'S REPORT—FINDINGS—EXCEPTIONS.

The report of a special guardian being for the purpose of acquainting the court with the infant's interest and the manner in which it is cared for, and not being a finding on any question of law or fact which is binding on any party, is not open to the filing of exceptions to the findings or recommendations contained in the report.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 192–194, 231; Dec. Dig. ☞77.]

3. COURTS ☞91—PRECEDENTS—DECISION OF COURT OF APPEALS.

A decision of the Court of Appeals, as to the nature of the remainder given by a will, will be followed by the Surrogate's Court, where the same question is raised there.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325, 326; Dec. Dig. ☞91.]

4. EXECUTORS AND ADMINISTRATORS ☞513—ACCOUNTING—PERSONS AFFECTED—REMAINDERMAN.

Where a trustee in bankruptcy is entitled only to an interest in a remainder, and the life tenant is still living, the remainder is not distributable, and cannot be affected by an accounting of testator's executor before the death of the life tenant.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2267–2291; Dec. Dig. ☞513.]

5. WILLS ☞697—CONSTRUCTION—WHO MAY HAVE—REMAINDERMAN.

One who has an interest only in a remainder is not entitled to a construction of the will or to an adjudication with reference to his remainder before the termination of the life estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1671–1675; Dec. Dig. ☞697.]

In the matter of the estate of Edith O. Gill. On hearing upon exceptions to the report of a special guardian. Decree ordered modified.

Anderson & Anderson, of New York City, for executor.

Henry Necarsulmer, of New York City (Max J. Kohler and Henry Necarsulmer, both of New York City, of counsel), for trustee.

Walmsley & Kohlman, of New York City, for Edward E. Elder.

Andrew S. Hamersley, of New York City, special guardian.

FOWLER, S. [1] The administrator with the will annexed of the estate of the testatrix having died, his executor has filed an account of his proceedings as such administrator. The special guardian appointed by this court to represent certain infants mentioned in the petition as having an interest in the estate filed his report, and exceptions thereto have been filed by the trustee in bankruptcy of a person having a vested interest as remainderman. There is no provision

in the sections of the Code of Civil Procedure relating to Surrogate's Courts, nor in the rules of this court, which authorizes the filing of exceptions to a special guardian's report.

[2] Such a report is made for the purpose of acquainting the court with the nature of the infant's interest, the manner in which such interest has been conserved by the accounting party, and the extent to which it is protected by the proposed decree. It is not a finding upon any question of law or fact which is binding on any party to the accounting. Therefore it is not the proper practice to file exceptions to the findings or recommendations contained in such a report. However, as the question of law presented by the exceptions to the special guardian's report is the same as that presented by the decree submitted by the trustee in bankruptcy, the court may properly consider it at the time the proposed decree is noticed for settlement.

[3] The decree submitted by the trustee in bankruptcy contains a clause adjudging that a certain devise and bequest under the will of the testatrix passed a vested remainder to the bankrupt, that such remainder was not subject to be divested by his death before the life tenant, and that the interest of the bankrupt became the exclusive property of the trustee in bankruptcy upon his appointment as such trustee. This would be, in effect, a construction of the will of the testatrix. But the Court of Appeals has already construed her will (Riker v. Gwynne, 201 N. Y. 443, 94 N. E. 632), and that construction will be followed in any decree entered in this court.

[4, 5] Moreover, the trustee in bankruptcy is entitled only to an interest in the remainder, and as the life tenant is still living, such remainder is not distributable at this time, and is not affected by the present accounting. Therefore the trustee in bankruptcy is not entitled to a construction of the will at the present time, or to an adjudication in reference to the remainder. The decree to be signed upon this accounting, therefore, will not contain any adjudication in relation to the interests of the bankrupt.

Costs taxed. The decree presented by the petitioner should be completed by inserting the proper amounts.